UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and NAVIGATORS INSURANCE COMPANY,<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>JOSEPH A. CARAMADRE, PAULA CARAMADRE, JOHN W. MITCHELL, ESQ., EDWARD C. ROY, ESQ., MELISSA LARSEN, ESQ., UNITED STATES OF AMERICA, WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO, and TRANSAMERICA LIFE INSURANCE COMPANY,<br>　　　　Defendants. | C.A. No. 18-461WES |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This is an interpleader action tracing back to Defendant Joseph A. Caramadre's fraudulent scheme to obtain large sums of money from insurance companies and bond issuers. Plaintiffs Continental Casualty Company ("Continental") and Navigators Insurance Company ("Navigators") initiated this case to allow for the above-captioned Defendants to settle their rights to proceeds from settlement in a separate Rhode Island state court action. Navigators deposited funds into the Registry of the Court and now moves to be dismissed. The motion to dismiss has been referred to me for report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend granting the motion.

I.　　BACKGROUND

In 2011, the government prosecuted Mr. Caramadre for his fraudulent scheme, which resulted in his 2012 guilty plea to wire fraud and conspiracy to commit offenses against the

United States.  United States v. Caramadre, CR. 11-186WES, ECF No. 224.  Mr. Caramadre's sentence included restitution to numerous insurance companies and bond issuers.  United States v. Caramadre, CR. No. 11-186 S, 2014 WL 409336, at *1, *5 (D.R.I. Feb. 3, 2014), aff'd, 807 F.3d 359 (1st Cir. 2015).

Attorneys Michael J. Lepizzera, Jr., and Anthony M. Traini represented Mr. Caramadre in his criminal case.  ECF No. 1-1 at 6.  Their representation of Mr. Caramadre ended following the Court accepting his guilty plea, after which he retained new counsel and challenged his plea.  See Caramadre, 807 F.3d at 364-66 (affirming the rejection of that challenge).  In May 2016, Mr. Caramadre filed a legal malpractice case against Attorneys Lepizzera and Traini in Rhode Island Superior Court.  ECF No. 1-1 at 6; see Caramadre v. Lepizzera, C.A. No. PC-2016-2146.  That case settled in July 2018, and as part of the settlement, Plaintiffs, the insurers of Attorneys Lepizzera and Traini, agreed to initiate this interpleader action so that certain people and companies (the named Defendants) can settle their rights to proceeds of the settlement.[1]  ECF No. 1-1 at 6.

On July 31, 2018, in Rhode Island Superior Court, Plaintiffs filed their complaint for interpleader.  Id. at 1.  The matter was removed to this Court on August 21, 2018.  ECF No. 1.  Upon Plaintiffs' motion, the Court granted them leave to deposit interpleader funds in the Registry of the Court pursuant to Fed. R. Civ. P. 67.  ECF No. 33.  The Court directed Plaintiffs to deposit funds in the amount of $250,000 total.  Id.  The Court's Order stated that, following Plaintiffs' deposits, Defendants are enjoined from bringing any action or proceeding in any form, arising out of and in connection with the interpleader funds.  Id. at 2.  Each Plaintiff then deposited $125,000.  ECF Nos. 34, 35.

---

[1] The complaint filed in Superior Court explains the different claims each Defendant may have to the funds.  ECF No. 1-1 at 3-4.  It is not necessary now to set forth those details; it suffices to state that there are multiple claimants.

2

Following the deposits, Navigators filed its pending motion to dismiss.[2] ECF No. 47. Navigators argues its role in this action is complete and it has no claims to the funds now in the Court Registry. No party objected to Navigators' motion.

**II.     STANDARD OF REVIEW**

"Under 28 U.S.C. § 1335, a district court has jurisdiction of any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, 'are claiming or may claim to be entitled to such money or property.'" Sun Life Assur. Co. of Canada, (U.S.) v. Conroy, 431 F. Supp. 2d 220, 224-25, n.5 (D.R.I. 2006) (quoting 28 U.S.C. § 1335). The citizenship of the stakeholder, the party holding the property, is irrelevant, and § 1335 "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967); Atcom Support LP v. M/V HC Nadja Maria, Civil Action No. 15-28-RGA, 2015 WL 6181749, at *2 (D. Del. Oct. 21, 2015) ("the citizenship of the stakeholder is irrelevant").

Federal interpleader cases generally have two stages. "First, the Court determines whether the statute's requirements have been met and whether the stakeholder may be relieved from liability. Second, the Court adjudicates the adverse claims to the interpleaded *res*." Phoenix Ins. Co. v. Small, 307 F.R.D. 426, 429 (E.D. Pa. 2015) (internal citation omitted). The core rationale of interpleader "is to relieve an obligor from the vexation of multiple claims in connection with a liability admittedly owed." Id. at 434. Employing "the equitable remedy of interpleader, a stakeholder may file suit, deposit a sum certain with the Court, and then withdraw

---

[2] Continental, the only other Plaintiff, did not join or respond in any way to Navigators' motion.

from the proceedings, leaving the competing claimants to litigate amongst themselves." Id. This process "is meant to protect a stakeholder faced with multiple claims to a limited *res* and to protect claimants from the ensuing unfairness of 'a race to judgment.'" Id. at 435 (quoting Tashire, 386 U.S. at 533). "Once an interpleader plaintiff pays the full amount disputed into the court's registry, and the claimants to that *res* have been given notice and opportunity to be heard and ordered to interplead, 'the law normally regards the plaintiff as having discharged its full responsibility.'" Midland Nat'l Life Ins. Co. v. Rivas, 318 F.R.D. 303, 308 (E.D. Pa. 2016) (internal citation omitted); see Phoenix, 307 F.R.D. at 435 (collecting cases).

### III. ANALYSIS

Navigators' motion implicates the first stage of federal interpleader litigation: jurisdiction and stakeholder liability. Starting with the jurisdictional component of § 1335, I find the Court has jurisdiction because this action involves more than $500 and there is minimal diversity of citizenship among Defendants. Specifically, the *res* in this case is $250,000, and two or more Defendants are diverse. ECF No. 1-1 at 4-6; see Conroy, 431 F. Supp. 2d at 244-25.

I also find that Navigators' motion should be granted and it "may be relieved from liability" as to this case. Phoenix, 307 F.R.D. at 429. This determination accords with the Court's Order permitting Navigators to deposit its half of the $250,000 in the Registry of the Court. ECF No. 33 at 2 ("[U]pon the deposit of the Interpleader Funds with the Clerk of Court, the defendants are enjoined from bringing any action or proceeding in any form, arising out of and in connection with the Interpleader Funds."). Navigators "asserts no remaining claim to the *res* deposited into the Registry of the Court." Phoenix, 307 F.R.D. at 435. No evidence suggests Navigators has unclean hands. Dismissing Navigators and relieving it of liability for the *res* supports interpleader's goals and the efficient administration of justice. Id. Further,

4

Defendants should be enjoined from commencing or prosecuting any actions against Navigators as to the proceeds it deposited in the Court Registry.

## IV. CONCLUSION

Based on the foregoing analysis, I recommend that Navigator's motion to be dismissed (ECF No. 47) be granted, Navigators be dismissed as a party in this case and Defendants be enjoined from bringing any action or proceeding in any form, arising out of and in connection with the Interpleader Funds.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 6, 2019