```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
CONTINENTAL CASUALTY COMPANY,      )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 18-461 WES
                                   )
JOSEPH A. CARAMADRE; PAULA M.      )
CARAMADRE; JOHN W. MITCHELL, ESQ.; )
EDWARD C. ROY, ESQ.; MELISSA       )
LARSEN, ESQ.; UNITED STATES OF     )
AMERICA; WESTERN RESERVE LIFE      )
ASSURANCE COMPANY OF OHIO; and     )
TRANSAMERICA LIFE INSURANCE        )
COMPANY,                           )
                                   )
        Defendants.                )
_____)

**<u>ORDER</u>**

Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R&R") on January 31, 2020, ECF No. 82, addressing the outstanding motions in this matter.[1] After carefully reviewing

---

[1] The R&R addresses the following motions and other filings treated as motions: Defendant Transamerica Life Insurance Company and Western Reserve Life Assurance Co. of Ohio's Memorandum in Support of Their Claim to Interpleader Funds, ECF No. 38; Defendants' <u>Pro Se</u> John W. Mitchell's and Melissa Larsen's Motion for Summary Judgment, ECF No. 39; Defendant Paula Caramadre's Memorandum in Support of Her Claim to Interpleader Funds ("Ms. Caramadre Motion"), ECF No. 40; Affidavit of Edward C. Roy, Jr., Esq., ECF No. 42; United States' Motion for Summary Judgment and Response in Support of its Claim to Interpleader Funds as Payment Toward Restitution Order Entered Against the Defendant in Case Number 1:11CR0186-01S, ECF No. 52; and Defendant, <u>Pro Se</u>, John W. Mitchell's Motion to Pay Attorney's Charging Lien and for other Relief, ECF No. 59.

the relevant papers, the Court ACCEPTS the R&R, ECF No. 82, and adopts the recommendations and reasoning set forth in the R&R. The Court overrules the single objection to the R&R. See Paula Caramadre's Objection to Report and Recommendation ("Caramadre Obj."), ECF No. 84.

In the R&R, Magistrate Judge Sullivan recommends that the Court deny Paula Caramadre's ("Ms. Caramadre") motion, in which she argues that she is entitled to what remains of the Settlement Fund after payment of Joseph Caramadre's ("Mr. Caramadre") attorneys' fees. R&R 22-23; see also Caramadre Obj. 1. In sum, Ms. Caramadre challenges (1) the criminal restitution order entered in Mr. Caramadre's long-resolved criminal case; and (2) Magistrate Judge Sullivan's sound conclusion that Ms. Caramadre does not have priority to the Settlement Funds in this interpleader action. See generally Caramadre Obj.

With respect to the collateral attack of Mr. Caramadre's restitution order, non-parties do not have standing to appeal or otherwise attack restitution orders; rather, only a defendant has a "judicially cognizable interest" in his sentence, which includes the restitution order. See United States v. Stoerr, 695 F.3d 271, 277-78 (3d Cir. 2012) ("We agree that a non-party lacks standing to appeal a restitution order, because a non-party lacks 'a "judicially cognizable interest"' in a criminal defendant's sentence, and is thus not aggrieved by the defendant's

2

sentence." (quotations and citations omitted)); see also United States v. Grundhoefer, 916 F.2d 788, 791 (2d Cir. 1990) (holding that trustee representing defrauded creditors was a "[c]ollateral individual[ ]" without standing to mount a challenge to defendants' criminal restitution orders that provided an award to other creditors).

As noted in the R&R, this Court entered its restitution order in Mr. Caramadre's criminal case in February 2014, after a three-day evidentiary hearing. See Amended Judgment, ECF No. 247, Cr. No. 11-186. Mr. Caramadre waived his right to appeal, including from the restitution order. See United States v. Caramadre, 807 F.3d 359, 377 (1st Cir. 2015) (holding that Mr. Caramadre's attempt to challenge the restitution order was barred by the waiver-of-appeal provision contained in his plea agreement). The time to attack that order as ill-considered has long passed, and, even if it had not, Ms. Caramadre has no standing to mount such a challenge.

In her Objection, Ms. Caramadre argues that her final judgment of divorce "substantially and materially altered [Mr.] Caramadre's circumstances", in turn authorizing this Court to modify Mr. Caramadre's criminal restitution order to "meet other financial requirements of the defendant, in this case spousal support."

3

Caramadre Obj. 1-2 (citing 18 U.S.C. § 3664(k)[2]). But even if this case were the proper vehicle through which the Caramadres could notify the Court of a material change in circumstances (viz., Mr. Caramadre's obligations under their final divorce judgment) – and it is not – the Court is not inclined to adjust the payment schedule or make any other modifications to the restitution order as a result of the Caramadres' final divorce judgment.

Magistrate Judge Sullivan further properly rejected Ms. Caramadre's arguments regarding her claim of priority over other claimants. See R&R 23 (quoting United States v. Corso, Criminal Action No. 3:05-CR-00105 (JCH), 2016 WL 3349213, at *5 (D. Conn. June 14, 2016) ("With respect to alimony arrearages, the answer is clear: as noted above, section 3613(a)(1) does not provide [priority.]")). After review and consideration of the creative

---

[2] 18 U.S.C. § 3664(k) states that:

A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

arguments advanced by Ms. Caramadre's able counsel, Ms. Caramadre's claim for priority fails as a matter of law for the reasons set forth in the R&R.

Accordingly, adopting the reasoning of the R&R, the Court GRANTS IN PART and DENIES IN PART the motions for summary judgment filed by all Attorneys (ECF No. 59), Attorneys Mitchell and Larsen (ECF No. 39), and Attorney Roy (ECF No. 42); GRANTS IN PART and DENIES IN PART the motion of the United States (ECF No. 52); and DENIES the motions of Transamerica (ECF No. 38) and Ms. Caramadre (ECF No. 40). The Court further dismisses the only remaining Plaintiff in this interpleader action, Continental Casualty Company ("Continental"), and enjoins the claimants from bringing any action or proceeding in any form against Continental, arising out of and in connection with the Interpleader Funds. See Cont'l Cas. Co. v. Caramadre, C.A. No. 18-461 WES, 2019 WL 3577775, at *2-3 (D.R.I. Aug. 6, 2019), report and recommendation adopted, C.A. No. 18-461 WES, 2019 WL 4059840 (D.R.I. Aug. 28, 2019) (dismissing Plaintiff Navigators Insurance Company from this action and enjoining claimants from bringing suit against them in connection with the Interpleader Funds).

The Court shall enter final judgment terminating this case and directing the Clerk to distribute the Settlement Funds (the "Funds") in the registry of the Court pursuant to DRI LR Cv 67 as follows:

```
Attorney Mitchell $211,736.97
Attorney Larsen $5,350.00
Attorney Roy $8,235.00
United States $24,678.03
Transamerica $0
Paula Caramadre $0
```

To effectuate this, the parties shall submit within ten (10) days a proposed order on disbursement of funds (consistent with this Order) that includes the names and addresses to which the disbursement checks shall be sent.  The parties shall further provide the Clerk of Court the information necessary to release the Funds from the Court registry (e.g., tax identification numbers).  Moreover, any interest that has accrued on the Funds while they were deposited in the Court registry shall be distributed to the claimants in proportion to the amount they are awarded from the principal:

```
Attorney Mitchell 84.70%
Attorney Larsen 2.14%
Attorney Roy 3.29%
United States 9.87%
Transamerica 0%
Paula Caramadre 0%
```

IT IS SO ORDERED.

*[signature: WESmith]*

William E. Smith
District Judge
Date: March 26, 2020